UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal No. 23-160 (NEB/JFD) |
| | ) | |
| Plaintiff, | ) | **DEFENDANT DOUGLAS MOBLEY'S** |
| v. | ) | **OBJECTION TO THE** |
| | ) | **GOVERNMENT'S MOTION FOR A** |
| DOUGLAS MOBLEY (8), | ) | **PROTECTIVE ORDER (DKT. NO.** |
| | ) | **307) AND MOTION FOR A** |
| Defendant. | ) | **CONTINUANCE (DKT. NO. 310)** |
| | ) | |

Pursuant to the Court's June 6, 2023 Order (Dkt. No. 325), Defendant Douglas Mobley, through the undersigned counsel, submits the following objections to the Government's Motion for a Protective Order (Dkt. No. 307) and Motion for a Continuance of Deadlines in the Pretrial Scheduling and Litigation Management Order (Dkt. No. 310).

## INTRODUCTION

Mr. Mobley objects to the Government's motions. The Government seeks a blanket protective order preventing *all* Defendants from possessing *any* discovery material the government produces. But the Government's motion lacks good cause. The Government does not explain why such an order would be necessary as to *all* discovery material or why redactions would be insufficient. Nor does the Government offer any cause as to why Mr. Mobley should not possess discovery material. The Court should reject the Government's broad request or, in the alternative, craft a protective order that is sufficient but not greater than necessary to protect legitimate government concerns.

The Government also seeks to further delay its production of discovery material, for at least another 30 days. But the Government's motion lacks good cause. Likely for several years the government has been investigating this case and gathering evidence. And months ago the Government had to prepare to present and presented its case to a grand jury. Yet, the Government now claims that it is taking much longer than anticipated to produce discovery. The Government should have been preparing for discovery when it determined to target Mr. Mobley for prosecution and seek an indictment. The Government's complaints about technology, complexity, and volume ring hollow, as the Government was well aware before it indicted Mr. Mobley and the other Defendants what it had and how it was going to produce it. Its lack of diligence is not good cause and does not warrant further extensions or the tolling of the speedy trial clock.

## OBJECTION TO PROTECTIVE ORDER

Under Fed. R. Crim. P. 16(d)(1), "the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief." The Government bears the burden of establishing good cause exists for its requested protective order. *United States v. Cordova*, 806 F.3d 1085, 1090 (D.C. Cir. 2015).

In its Motion for Protective Order, the Government seeks to prevent *all* Defendants from possessing *any* discovery material. Dkt. No. 307 at pp. 10-11. Despite this sweeping request, the Government's motion is light on specifics. There is no proposed order attached to the Government's motion. There is no process for

designation of materials or challenging such designations. There is no time by which discovery materials lose protection. There is no provision for inadvertent production or clawback protection. The Court, like Mr. Mobley, is left to speculate as to what a protective order should do and say here.

Further, the Government's motion presents no cause to restrict Mr. Mobley's access to discovery materials. *See* Dkt. No. 307. The motion does not address any alleged conduct of Mr. Mobley. *Id.* There is no explanation as to how Mr. Mobley's access to discovery materials presents some special risk requiring limitations on his access. *Id.* The Government seeks to limit Mr. Mobley's ability to aid in the preparation of his defense based on isolated conduct of other persons, some not even charged in its indictment. *Id.* at 3-9. The Court should deny the Government's request.

To be clear, Mr. Mobley does not oppose a protective order as a matter of course. Had the Government proposed to Mr. Mobley's counsel a proposed protective order and sought agreement on its provisions, a protective order may have been stipulated to and jointly filed. Instead, the Government has chosen to move for a sweeping protective order as to *all* Defendants and *all* discovery material on the thinnest of bases and without even a proposed order. The Court should deny the motion (Dkt. No. 307) or, in the alternative, craft a protective order that is sufficient but not greater than necessary to protect legitimate government concerns.

**OBJECTION TO CONTINUANCE**

Under 18 U.S.C. § 3161(h)(7)(B)(ii), a continuance of time can be excluded from speedy trial time based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." Under Fed. R. Crim. P. 45(b), a party seeking an extension of deadlines must demonstrate "good cause . . . before the originally prescribed or previously extended time expires." The Government does not have good cause for a continuance here. And there is no basis to exclude the continuance from speedy trial time.

The Government has already sought significant delays to comply with its discovery obligations in this case. Dkt. No. 128. Now, after the Court already limited the Government's requests for delay (Dkt. No. 288), the Government seeks to re-litigate its prior motion because the process the Government has deemed appropriate for production of discovery materials is going to take longer than the deadlines the Court appropriately set. This is not good cause.

Further, the Government has not acted with diligence. Mr. Mobley, along with the two dozen other Defendants, have been in pretrial detention for over a month. To date, the Government has not produced *any* discovery materials. Yet, the Government alleges a RICO conspiracy dating to 2014 with overt acts occurring as early as April 2014 and as recently as 2023. The Government surely gathered, marshalled, organized and prepared its evidence in advance of its grand jury presentations and was well aware of its volume and complexity given the number of defendants it was planning to indict. The

Government does not provide any reason why it could not have started its technological processes so that it could have produced documents on a rolling basis consistent with applicable law, this Court's standing orders, and the local rules.  The Government also does not provide any reason why it has not produced basic Rule 16(a)(1)(A-F) materials to Mr. Mobley.  This lack of planning knowing the volume and complexity of the case it was bringing is emblematic of the Government's lack of diligence in complying with its discovery obligations and shows a lack of good cause.

## JOINDER WITH OTHER DEFENDANTS' JOINT RESPONSES

On June 14, 2023, Defendants Montez Brown, Dantrell Johnson, Gregory Hamilton, Keon Pruitt, Jovan Knight, Tyreese Giles, Jarrett Robinson, Trevaun Robinson, Isaac Hodge, Christopher Finch, Tony Jelks, Cortez Blakemore, Randy Tate, Trevoneia Felton, Chase Robertson, Malcolm Samuels, William Banks, Ronald Washington, William Johnson, Dashaun Morris, Ernest Boyd, Maron Bailey, and Isaiah Bell (the "Joint Defendants") filed a Joint Response in opposition to the Government's Motion for a Protective Order.  Dkt. No. 334.  In addition, the Joint Defendants filed a Joint Response in opposition to the Government's Motion for a Continuance.  Dkt. No. 335.  The Joint Defendants further proposed an alternative schedule.  Dkt. No. 335-1.

Mr. Mobley agrees with and adopts the reasoning of the Joint Defendants' responses in opposition (Dkt. Nos. 334 and 335) and incorporates it herein and joins those responses in opposition.  In addition, Mr. Mobley agrees with the schedule

proposed by the Joint Defendants and joins with the request that the Court adopt it.   Dkt. No. 335-1.

## CONCLUSION

For these reasons, the Court should deny the Government's Motion for a Protective Order (Dkt. No. 307) and deny the Government's Motion for a Continuance (Dkt. No. 310).

Dated: June 14, 2023　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　DORSEY & WHITNEY LLP

　　　　　　　　　　　　　　　　　　　　By   */s/RJ Zayed*

　　　　　　　　　　　　　　　　　　　　　　RJ Zayed (#0309849)
　　　　　　　　　　　　　　　　　　　　　　zayed.rj@dorsey.com
　　　　　　　　　　　　　　　　　　　　　　Christopher A. DeLong (#0398965)
　　　　　　　　　　　　　　　　　　　　　　delong.christopher@dorsey.com
　　　　　　　　　　　　　　　　　　　　50 South Sixth Street, Suite 1500
　　　　　　　　　　　　　　　　　　　　Minneapolis, MN 55402
　　　　　　　　　　　　　　　　　　　　Telephone: (612) 340-2600
　　　　　　　　　　　　　　　　　　　　Facsimile: (612) 340-2868

　　　　　　　　　　　　　　　　　　　　*Attorneys for Defendant Douglas Mobley*