UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>MARON BAILEY (24),<br><br>    Defendant. | Case No.: 23-cr-160 (NEB/JFD)<br><br>**DEFENDANT'S MOTION TO WITHDRAW GUILTY PLEA** |

Maron Bailey, by and through undersigned counsel, hereby moves the Court to allow him to withdraw his guilty plea.

## Procedural History

Mr. Bailey was charged with Conspiracy to Distribute Controlled Substances in Count 3 of the original indictment in this matter. (Dkt. No. 12.) He pleaded guilty to Racketeer Influenced and Corrupt Organizations (RICO) Conspiracy, Count 1 of the original indictment, on October 5, 2023, pursuant to a plea agreement. Count 3 was dismissed. (Dkt. No. 419, Minute Entry of Proceedings; Dkt. No. 421, Plea Agreement.) He is awaiting sentencing.[1]

## Legal Standard

A person charged with a crime may withdraw a plea of guilty before the court imposes a sentence if he "can show a fair and just reason for requesting the withdrawal."

---

[1] Undersigned counsel, at the direction of Mr. Bailey, moved to withdraw as counsel on May 31, 2024. (Dkt. No. 1110.) On June 14, 2024, Magistrate Judge John F. Docherty held a hearing on the motion and has since denied it. (Dkt. No. 1132.)

1

Fed. R. Crim. P. 11(d)(2)(B).  The standard is liberal, although not automatic.  Where a fair and just reason for withdrawal exists, courts consider whether the defendant asserts his innocence, the length of time between the plea and the motion to withdraw, and any alleged prejudice to the government.  *United States v. Hall*, 2016 WL 1175207, *6 (N.D. Iowa 2016) (citing *Heid*, 651 F.3d at 853-54).

Mr. Bailey's request to withdraw his guilty plea should be granted because there is an insufficient factual basis to establish the crime to which he pleaded guilty and because the other factors weigh in favor of permitting withdrawal.

### Argument

**A. There Is An Insufficient Factual Basis To Establish The Crime To Which Mr. Bailey Pleaded Guilty.**

Mr. Bailey contends that he is innocent of a RICO offense and therefore the required factual basis for his guilty plea is absent.  *United States v. Gamble*, 327 F.3d 662, 664 (8th Cir. 2003) (considering argument that the required factual basis for the guilty plea was absent where defendant asserted his innocence).  Specifically, Mr. Bailey states that he did not join or enter into any agreements related to the RICO enterprise or drug trafficking conspiracy as described in the Indictment.  He concedes that he was "part of a [clique]" but maintains he did not agree to be part of a larger enterprise.  Without these elements, Mr. Bailey cannot be guilty of the charged or pleaded-to offenses.

Mr. Bailey maintains that he suffered from a misunderstanding at the time of his plea.  His confusion at the time was exacerbated by his documented anxiety, depression, and other mental health issues.  (*See* Plea Hearing Transcript at 8:14–9:10; *see also* Dkt.

No. 834, Revised PSR at ¶¶ 79–80.)  Mr. Bailey has been consistently medicated for these issues while at Anoka County Jail on the instant charges.  (*See* Plea Hearing Transcript at 8:14–25; *see also* Dkt. No 834, Revised PSR ¶ 79.)  Over the course of the last three months, Mr. Bailey and his counsel have gone to great lengths to better understand the psychological challenges Mr. Bailey faces and how these challenges impact his ability to make decisions about his defense.  Notably, Mr. Bailey recently has been diagnosed with (untreated) PTSD, Persistent Depressive Disorder, multiple substance use disorders (dormant while incarcerated), Borderline Personality Disorder, and Antisocial Personality Disorder.  (*See* Ex. 1 Psychological Evaluation.)

Mr. Bailey does not take lightly the gravity of his plea, nor the gravity of his decision to attempt to withdraw it.  But he is certain that he was not in the right frame of mind when he decided to plead, and ultimately did plead, guilty.  He maintains he did not understand what he agreed to, and is innocent of the charges against him.[2]

**B. The Remaining Factors Do Not Counsel Against Withdrawal.**

Where, as here, a fair and just reason for the withdrawal exists, the Court should consider whether the defendant asserts his innocence, any alleged prejudice to the government, and the length of time between the plea and the motion to withdraw.  *Heid*, 651 F.3d at 853; *Hall*, 2016 WL 1175207 at *6.  In this case, none of those factors mitigate

---

[2] Mr. Bailey has sent correspondence to the Court, dated May 23, 2024, that appears on the docket at number 1127.  Counsel commends that letter to the Court's attention.  The letter formed the basis for discussion on the record at the hearing on counsel's Motion to Withdraw as Counsel as well.  (*See* Hrg. Tr. (June 14, 2024) (transcript ordered and Dkt. No. forthcoming).)

against the withdrawal of Mr. Bailey's guilty plea.

First, and most significantly, Mr. Bailey maintains his innocence. Specifically, Mr. Bailey asserts that he did not join or enter into any agreement related to the RICO enterprise or drug trafficking conspiracy as described in the Indictment. Without these elements, Mr. Bailey cannot be guilty of the charged or pleaded-to offenses.

Next, there is no prejudice to the Government that would warrant the denial of the withdrawal of Mr. Bailey's plea. Prejudice has been found where a material witness died since the entry of the plea or exigent circumstances existed for a victim. *See, e.g.*, *United States v. Dolson*, 2003 WL 1610783, *2 (D. Minn. 2003) (prejudicial because of deceased witness); *United States v. Morrison*, 967 F.2d 264, 269 (8th Cir. 1992) (prejudicial because of the trauma caused by preparing sexual assault victim for trial a second time). No such considerations exist here. This case has only grown both in number of defendants and number of charges since Mr. Bailey pleaded. Trial is months if not a year or more away. (Dkt. No. 666, Third Amended Pretrial Scheduling Order (no dates set for trial); Dkt. No. 1117 (suspending motions hearings and related deadlines).)

The need on the part of the Government to prepare for trial upon the withdrawal of a plea is not prejudicial in and of itself. *See, e.g.*, *United States v. Collyard*, 2013 WL 2318141, *12 (D. Minn. 2013). And indeed, the Government has continued to build its case, respond to motion practice, and will prepare for trial regardless of Mr. Bailey's presence in this conspiracy case. If anything, it is Mr. Bailey who will be playing catch up if the Court permits him to withdraw his plea.

For similar reasons, the length of the time between Mr. Bailey's plea and this motion does not weigh against withdrawal of the guilty plea. Approximately eight months has passed since the plea hearing. During this time, the Government has continued to prosecute the case against the remaining co-defendants. Given that this is complex matter with voluminous (and presumably continuing) document and media discovery (Dkt. No. 288, First Pretrial Scheduling and Litigation Management Order, designating case as complex), the timing of Mr. Bailey's motion to withdraw his plea has no meaningful impact on the overall proceedings.

## Conclusion

For the foregoing reasons, Mr. Bailey moves the Court to allow him to withdraw his guilty plea. Mr. Bailey requests an evidentiary hearing in support of his motion. *United States v. Woosley*, 440 F.2d 1280, 1281 (8th Cir. 1971) ("Since the motion to withdraw the plea of guilty was made prior to sentence, the trial court properly granted a hearing thereon for the purpose of determining whether there was substance to any of defendant's allegations."); *United States v. Morrison*, 770 F. Supp. 526, 530 (D.S.D. 1991) ("In a motion for withdrawal of a guilty plea, a defendant is entitled to a hearing on allegations made in support of the motion where, if true, they would entitle him to the relief sought." (citing *United States v. Crooker*, 729 F.2d 889 (1st Cir. 1984))). Undersigned counsel has discussed this motion with counsel for the Government and the Government does object.

Dated:  June 21, 2024　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　*/s/ Kristin K. Zinsmaster*
　　　　　　　　　　　　　　　　　　　Kristin K. Zinsmaster (MN #0391299)
　　　　　　　　　　　　　　　　　　　JONES DAY
　　　　　　　　　　　　　　　　　　　90 South Seventh Street, Suite 4950
　　　　　　　　　　　　　　　　　　　Minneapolis, MN  55402
　　　　　　　　　　　　　　　　　　　Telephone: 612.217.8861
　　　　　　　　　　　　　　　　　　　Fax: 844.345.3178
　　　　　　　　　　　　　　　　　　　kzinsmaster@jonesday.com

　　　　　　　　　　　　　　　　　　　*Attorney for Defendant Maron Bailey*